FILED

1:12 pm, 10/28/26

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

IAIN CLIFFORD,

Plaintiffs,

VS.

DANIEL MARC NEIDLE and TAX POLICY ASSOCIATES LTD., a United Kingdom Company,

Defendants.

Case No. 26-CV-235-ABJ

**ORDER STRIKING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED OR OTHER DISCIPLINARY ACTION SHOULD NOT ISSUE**

This matter is before the Court on its own notice. On August 6, 2026, Plaintiffs Iain Clifford, MLITR Research LLC, and OSN Foundation filed this suit against Defendants Daniel Marc Neidle and Tax Policy Associates, Ltd. (ECF No. 1). Plaintiffs collectively asserted claims for defamation, invasion of privacy, tortious interference with contractual relations, intentional infliction of emotional distress, and negligent misrepresentation, and seek $438,000,000 in damages. (*Id.* at 9). Also pending before this Court is Plaintiffs' Motion for Alternative Service. (ECF No. 2).

## DISCUSSION

On October 6, 2026, this Court ordered Plaintiffs to show cause as to why this cause should not be dismissed for lack of subject-matter jurisdiction. In their complaint, Plaintiffs

alleged alienage jurisdiction under 28 U.S.C. § 1332(a)(2). But Plaintiffs are "citizens of the United Kingdom, Wyoming, and Panama respectively," and "both Defendants are citizens of the United Kingdom," meaning the Court would not have subject matter jurisdiction under 28 U.S.C. § 1331(a)(2). (ECF No. 5 at 2–3). The Court also ordered that Plaintiffs MLITR Research LLC and OSN Foundation must file their own Complaints "through Wyoming counsel on or before October 16, 2026," as corporate entities cannot appear before the Court without representation.

In response to the Order to Show Cause, Plaintiff Clifford did not contest that he lacked diversity jurisdiction in the case, nor did the corporate Plaintiffs file a complaint with representation. Instead, Clifford filed an amended complaint, dropping both corporate Plaintiffs and claiming a federal cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961–68. (ECF No. 6 at 1). Clifford claims up to $1,080,000,000 in damages. He filed a separate response to the order to show cause—claiming the Court now had federal question jurisdiction under 28 U.S.C. § 1331 due to the added RICO claim, and 28 U.S.C. § 1367 supplemental jurisdiction over the pendant state law claims. (ECF No. 7). He also filed a memorandum titled "MEMORANDUM of Law In Support of Subject Matter Jurisdiction," though it is functionally identical to his initial response and separately includes 215 pages of exhibits entirely unrelated to jurisdiction. (ECF No. 8).

After viewing Plaintiff's amended complaint, response, and memorandum, the Court is concerned that Plaintiff's responses were written by artificial intelligence, without proper oversight regarding whether the response was legally correct. The District of

Wyoming has a General Order directing that, "[i]n some cases, litigants or their counsel have filed documents that use AI which generate citations to non-existent cases (also known as "hallucinated" legal authority. ***This practice is strictly prohibited and subject to sanction***." General Order Concerning the Use of Artificial Intelligence in the Preparation of Filings, Gen. Order No. 25-01, at *1 (D. Wyo. May 13, 2025) (emphasis added). Moreover, Rule 11 of the Federal Rules of Civil Procedure "requires legal contentions in documents filed with a court be warranted by existing law," and failure to comport with Rule 11 may result in sanctions. *Id.* at *1–2; Fed. R. Civ. P. 11(b)(2), (c). "The fact that AI was used in or generated the offending document or filing will not and does not excuse or absolve a litigants' required compliance with Rule 11." Gen. Order No. 25-01, at *2. Rule 11 applies to *pro se* litigants. *See, e.g.*, *Mantis Transp. V. Kenner*, 45 F. Supp. 3d 229, 253 (E.D.N.Y. 2014) ("It is well settled that Rule 11 applies to *pro se* litigants.")

Plaintiff's Memorandum contains inaccurate and/or hallucinated citations indicative of the use of artificial intelligence.

- Plaintiff cites *Newsome v. Penobscot*, 391 F. App'x 783 (10th Cir. 2010), but 391 F. App'x 783 refers to an Eleventh Circuit case, *Matias v. Sears Home Improvement Products, Inc.*, a case involving race discrimination and Title VII claims. The Court has not been able to locate this case.

- Plaintiff cites *Tammy Fu*, 752 F.3d 188, but that reporter cites to the middle of *City of Pontiac Policemen's and Firemen's Retirement System v. UBS AG*, a case involving the Securities Exchange Act. The Court has not been able to locate this case.

- Plaintiff cites *Harrison*, 196 F.3d 1538, but that reporter cites to the middle of *U.S. Test, Inc. v. NDE Env't Corp.*, a case involving patent infringement. It appears Plaintiff

intended to refer to *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552 (10th Cir. 2001). This error is particularly egregious, given the Court correctly cited *Harrison* in its Order to Show Cause. (ECF No. 5 at 2).

- Plaintiff cites *Bescond*, 4 F.4th 63, but that reporter cites to *Cebollero-Bertran v. P.R. Aqueduct & Sewer Authority*, a case involving the Clean Water act. It appears Plaintiff intended to refer to *United States v. Bescond*, 24 F.4th 759 (2d Cir. 2022).

(ECF No. 8). After identifying these errors, the Court looked at Plaintiff's other filings and exhibits with a closer eye. In so doing, Court identified additional errors:

- In his original complaint, Plaintiff claims UCC § 3-104 states that a signed promissory note is a negotiable instrument. UCC § 3-104 says no such thing. (ECF No. 1 ¶ 23).

- In his original complaint, Plaintiff again cites *United States v. Tammy Fu*, 572 F.3d 188 (2d Cir. 2014), the same case referenced in his Memorandum that Court has not yet located. (ECF No. 1 ¶ 19).

- In his original complaint, Plaintiff cites *Degen v. United States*, 517 U.S. 820 (1996) to state that the "Fugitive Disentitlement Doctrine is inapplicable to this private civil action." (ECF No. 1 ¶ 20). Though the citation is correct, *Degen* involved the doctrine's applicability to striking forfeiture claims when there is a related criminal prosecution. Nowhere in *Degen* does the U.S. Supreme Court say that the doctrine is inapplicable to private civil actions.

The Court also reviewed Plaintiff's 215 pages of exhibits and found additional information therein that exacerbates the Court's concerns regarding the improper use of AI. For example, as part of evidence Plaintiff appears to use to bolster his claims of defamation, he asks what appears to be seven different AI chatbots some variation of the question "Is the Clifford Protocol tax fraud?" (ECF No. 8-3 at 169–180 (prompts to seven

AI chatbots, including Google Gemini, Microsoft Copilot, Google's Search AI Overview, GROK, ChatGPT, Perplexity AI and Brave Browser Search)).

Outside of the potential improper use of AI, the Court also notes several other suspicious filings. First, Plaintiff's exhibits also contain concerning documents purportedly written by "Ecclesia Law," a "trading style[ ] of MLITR Research LLC." (ECF No. 8-3 at 114). These include a "Formal Notice of Cease & Desist," a referral for a criminal investigation sent to the IRS, and a notice of that criminal referral. (*Id.* at 114–127). These documents include a disclaimer on the bottom of some pages in very small font: "Ecclesia Law operates exclusively under **Attorney-in-Fact mandates** granted by its clients through private powers of attorney, trust indentures, fiduciary appointments, and private contracting structures. Ecclesia Law acts as a **private legal agent**, not as a BAR-regulated public law practice." (*See id.*). It appears these documents were sent under a letterhead implying the official practice of law and from an organization purporting to act as a legal agent, but without any indication that Ecclesia Law and associated persons had actual bar licensure.

Second, it appears that Plaintiff committed perjury in his declarations to the Court. In a document titled "Declaration of Iain Clifford," Plaintiff claims "under penalty of perjury" that he is "an individual residing in the United Kingdom." (ECF No. 8-1 ¶ 1. But he also refers to another action in the Southern District of New York, *GoldSilver, LLC v. Sanger and Clifford* (No. 1:25-cv-08704). In an Order from the presiding judge in that case, the Court found that Plaintiff represented that he "lives in constructive exile in North Cyprus facing an unlawful UK bench warrant." *GoldSilver, LLC v. Sanger*, 25 Civ. 8704

(NRB), 2026 WL 2547092 (S.D.N.Y. Aug. 28, 2026). It appears that Plaintiff may have lied about where he currently resides in a sworn declaration.

Lastly, regarding Plaintiff's pending Motion for Alternative Service of Process Pursuant to FRCP 4(f)(3), the Court observes that one proposed "alternative service process" would be "Publication on taxpolicy.org.uk." (ECF No. 2 ¶ 1(c)). This is a website apparently operated by the Defendants. (*Id.* ¶ 14). The Court is unsure how it could possibly publish Plaintiff's Complaint on a privately owned website operated by the Defendants, and Plaintiff cites no authority that would permit the Court to do so. This attempt to do so may have been brought with an "improper purpose," such as to harass. Fed. R. Civ. P. 11(b)(1).

Due to the Court's concern of the improper use of artificial intelligence and Clifford's other concerning behavior, the Court finds it is appropriate to strike Plaintiff's Motion for Alternative Service and his Responses to the Court's first Order to Show Cause. The Court also finds it appropriate to order Plaintiff to further show cause why sanctions or discipline should not issue. *E.g.*, *Wadsworth v. Walmart Inc.*, No. 2:23-CV-118-KHR, 2025 WL 515094, at *2 (D. Wyo. Feb. 6, 2025) (ordering the same and citing other district court cases who followed suit).

## CONCLUSION

For the reasons described above, the Court strikes Plaintiff's Motion for Alternative Service and orders him to show cause why the Court should not issue sanctions or other disciplinary behavior, consistent with this Order.

**IT IS ORDERED** Plaintiff's Motion for Alternative Service of Process Pursuant to FRCP 4(f)(3), (ECF No. 2), is **STRICKEN**. Plaintiff is permitted to refile the Motion without reference to service via Defendants' personal website and with legal authority supporting his Motion.

**IT IS FURTHER ORDERED** Plaintiff shall provide a true and accurate copy of the cases *Newsome v. Penobscot* and *United States v. Tammy Fu*, no later than 12:00 PM, Mountain Daylight Time, on **October 30, 2026**.

**IT IS FURTHER ORDERED** that, if Plaintiff is unable to do so, then he shall separately show cause in the form of a sworn declaration why he should not be sanctioned pursuant to: (1) Fed. R. Civ. P. 11(b), (c); (2) 28 U.S.C. § 1927; and (3) the inherent power of the Court to order sanctions for citing non-existent cases to the Court, by **November 3, 2026**. *See Wadsworth*, 2025 WL 515094, at *2 (listing cases).

**IT IS FURTHER ORDERED** Plaintiff will provide a written submission in the form of a sworn declaration by **November 3, 2026**, as to where he is currently residing, and to show cause in writing why he should not be sanctioned as detailed above for misstating his current country of residence on a sworn declaration.

**IT IS FURTHER ORDERED**, if Plaintiff provides statements from witnesses, their statements shall also be submitted in the form of a sworn declaration and filed by **November 3, 2026**.

Dated this 26th day of October, 2026.

Alan B. Johnson
Alan B. Johnson
United States District Judge